## (January 31, 1968)

■ In the Matter of the Claim of FRANK MILEA, Respondent, v. EASY APPLIANCES DIVISION, MURRAY CORPORATION, et al., Appellants, and SPECIAL DISABILITY FUND, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board which awarded benefits to claimant on a finding of total disability from silicosis caused by exposure to dust containing silicon dioxide while working for the employer-appellant. We find no substantial evidence in the record as presently constituted to support the board's finding that claimant's silicosis resulted from exposure to dust containing silicon dioxide in the course of his employment with appellant-employer. Dr. Brock, the board's expert consultant in chest diseases, the only qualified chest expert to testify, upon whose opinion the board obviously relied, and to whose opinion the other experts called specifically deferred, clearly testified that *only* if there were exposure to silicon dioxide could claimant's silicosis be considered causally related. Upon examination of the record the only testimony as to such exposure is supplied by Professor Macero who analyzed two round discs allegedly taken by claimant from his place of employment. Professor Macero testified that in one disc his tests had found 3% "silica" and in the other 19% "silica". Also it must be conceded that on direct examination he stated "What we tested was $SiO_2$, silicon dioxide" and that in answer to the question "There was silicone dioxide present" he answered "Yes"; but in response to the very next question he said that he did *not* find any free silica; although he and Dr. Brock were in

agreement that silicon dioxide and free silica are the same. Otherwise, it is abundantly clear from an examination of Professor Macero's testimony in its entirety that he completely confounded the critical distinction between silica generally and silicon dioxide or free silica. Furthermore on cross-examination he expressly stated "we did not test for silicon dioxide itself. We tested for silicon itself * * *. The element silicon would be present maybe in different forms. Our transformation [in the testing process] would bring it all to silica." Additionally he admitted that no test was performed to indicate in what forms the element silicon was present in the discs and when queried as to what per cent silicon dioxide the discs contained conceded "I did not make the analysis" and that he could only make "a reasonable guess" Such equivocal testimony could not constitute substantial evidence in the face of straightforward testimony produced by the appellants that the discs utilized in claimant's department were aluminum based and contained no silicon, this from the sales representative of the employer's supplier, and that the employer used no silicon based abrasives in departments where claimant worked. Substantial evidence is not mere conjecture or speculation. Moreover, after Professor Macero testified, Dr. Brock submitted a revised report in which in contrast to his initial report he stated that he could not with medical certainty confirm causal relation between the silicosis and claimant's employment with the appellant-employer and instead attributed it to an earlier employment. Again upon recall Dr. Brock testified, unequivocally — that based on the evidence and record, he could not state with a reasonable degree of medical certainty that there was any relationship between the claimant's condition and his employment with the appellant-employer. In extended testimony, Dr. Brock explained that it was impossible to say that there was any relationship to employment with the appellant-employer because there was insufficient evidence of exposure to the harmful substance which was essential to the determination he was requested to make. Professor Macero's testimony was carefully reviewed by Dr. Brock, and he stated that this testimony confirmed the fact that claimant was not exposed to the silicon dioxide that causes silicosis. As Dr. Brock noted, Professor Macero "very definitely said * * * he cannot say whether the claimant was exposed to free silica" and, "the fact that he was exposed to combined silica, that proves nothing". He also stated that no evidence established the level or percentage of silicon dioxide that was present in the atmosphere in the plant, if any, and this was essential for a determination of noxious exposure. Thus the record does not support, by substantial evidence, that the dust to which claimant was exposed contained free silica or silicon dioxide in any amount. Indeed, the insufficiency of Professor Macero's analysis and report was recognized by claimant's attorney at the last hearing, following Dr. Brock's testimony, when the attorney "request[ed] the opportunity to get a report from Dr. Macero covering this point that Dr. Brock has ably raised today"; and the Referee thereupon held the case for transcription of the minutes, then to be referred to the Referee's desk for decision, subject to the filing in the meantime of a new report by Professor Macero, following which the Referee would consider claimant's application to have the case restored to the calendar for further hearing, the Referee commenting that "there is no sense in putting it on the Calendar until you have such a report". No such report was presented. Upon remittal, the record may be more fully developed. Decision reversed, with costs to appellants against the Workmen's Compensation Board, and matter remitted for further proceedings. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Reynolds, J.