ANTONETTE LEA, Appellant, v GERALDINE CUCUZZA et al., Respondents. [842 NYS2d 468]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Weiner, J.), dated June 27, 2006, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants established prima facie that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). Any restrictions in the plaintiff's range of motion were attributed by the defendants' examining neurologist to preexisting degenerative changes noted on radiologic films, and were not causally related to the subject accident (*see Meyers v Bobower Yeshiva Bnei Zion*, 20 AD3d 456 [2005]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45, 49 [2005]; *McNeil v Dixon*, 9 AD3d 481, 482 [2004]).

In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Cohen v A One Prods., Inc.*, 34 AD3d 517 [2006]). The plaintiff's orthopedist did not examine the plaintiff for the first time until more than four years after the accident, so that neither he nor the plaintiff proffered competent medical evidence of initial range of motion restrictions contemporaneous with the accident (*see Borgella v D & L Taxi Corp.*, 38 AD3d 701 [2007]; *Iusmen v*

*Konopka*, 38 AD3d 608, 609 [2007]; *Earl v Chapple*, 37 AD3d 520, 521 [2007]). Were the report of the defendants' ear, nose, and throat physician proffered by the plaintiff in opposition to the motion for summary judgment admissible (*accord Positko v Krawiec*, 6 AD3d 517, 518 [2004]; *Mantila v Luca*, 298 AD2d 505 [2002]; *Pagano v Kingsbury*, 182 AD2d 268, 271 [1992]), it would be insufficient to defeat the motion as its conclusions were equivocal (*see Matter of Milea v Easy Appliances Div., Murray Corp.*, 29 AD2d 730, 731 [1968]; *Duffen v State of New York*, 245 AD2d 653, 654 [1997]) and the report failed to qualitatively assess how the plaintiff's alleged exacerbated vertigo compared to the degree of vertigo experienced prior to the accident (*see Creech v Walker*, 11 AD3d 856, 857 [2004]; *Suarez v Abe*, 4 AD3d 288, 289 [2004]).

The plaintiff's remaining contentions are without merit. Crane, J.P., Santucci, Florio, Dillon and Balkin, JJ., concur.