■ SEATON McKENZIE, SR., Appellant, v SUSAN G. REDL et al., Respondents. (Action No. 1.) SEATON McKENZIE, SR., Appellant, v RYAN M. RICHMOND et al., Respondents. (Action No. 2.) [850 NYS2d 545]—

In two related actions to recover damages for personal injuries which were joined by stipulation for purposes of discovery and trial, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Pagones, J.), dated December 18, 2006, which granted the defendants' respective motions for summary judgment dismissing the complaints on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' respective motions for summary judgment dismissing the complaints are denied.

The plaintiff commenced an action against the defendants Susan G. Redl and Sharon M. Redl to recover damages for injuries allegedly arising from a motor vehicle accident that occurred on December 19, 2001 (hereinafter the Redl action). He commenced an action against the defendants Ryan M. Richmond and Kelly S. Richmond to recover damages for injuries allegedly arising from a motor vehicle accident that occurred on June 26, 2004 (hereinafter the Richmond action). The actions were joined by stipulation for purposes of discovery and trial. The defendants in each action moved for summary judgment dismissing the respective complaints. Each argued that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accidents, but rather that all of his injuries were pre-existing because of prior accidents, and were not exacerbated by the subject accidents (*see e.g. Lea v Cucuzza,* 43 AD3d 882 [2007]). The Supreme Court granted both motions. We reverse.

The Redl defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law. In support of their motion, the Redl defendants submitted, inter alia, affirmed medical reports from Dr. George Steiner, who examined the plaintiff after the accident at issue in the Redl action (hereinafter the Redl accident). Ultimately, Steiner concluded that the injuries sustained in the Redl accident were limited to "acute cervical sprain" and "acute lumbrosacral sprain." However, although Dr. Steiner assigned various numeric values to range-of-motion tests he performed on the plaintiff, he failed to compare those numeric findings to what is deemed normal. Further, although the findings appear to indicate various decreases in the plaintiff's ranges of motion, Steiner established no basis upon which it might be concluded that such decreases were neither caused nor exacerbated by the Redl accident. Indeed, upon examination by Steiner, the range of motion of the plaintiff's lower back was "30 degrees forward flexion." In another medical report submitted by the Redl defendants, prepared by the plaintiff's long-time treating orthopedist, the same range of motion prior to the Redl accident was 60 degrees flexion. In sum, the Redl defendants failed to demonstrate prima facie entitlement to judgment as a matter of law with evidence that the injuries at issue were attributable to prior accidents or preexisting conditions, and were not exacerbated by the Redl accident (see Cebularz v Diorio, 32 AD3d 975, 976 [2006]).

In support of their motion, the Richmond defendants submitted, inter alia, an affirmed medical report from Dr. Robert Hendler. In the report, Hendler recounted the significant medical history and treatment of the plaintiff's back and neck (which included multiple surgeries) related to a work accident and two motor vehicle accidents (one of which is the accident at issue in the Redl action) that occurred prior to the accident at issue in the Richmond action (hereinafter the Richmond accident). Ultimately, Hendler concluded that the injuries incurred in the Richmond accident were limited to "cervical and lumbrosacral sprain, with a temporary aggravation of a prior neck and lower back condition." Further, he concluded, such injuries "would not be the cause for any significant further treatment." However, upon his examination of the plaintiff after the Richmond accident, Hendler noted various decreases in the plaintiff's range of motion in his cervical spine and lumbar spine, without establishing any basis upon which it might be concluded that such decreases were neither caused nor exacerbated by the Richmond accident. Further, although Hendler characterized the decreases as "slight," he did not set forth any numeric range-of-motion values. Similarly, although he assigned

numeric values to other physical tests performed on the plaintiff, he failed to compare those numeric values to what is deemed normal. Absent such a comparative quantification of his findings, it cannot be concluded that the range of motion in the plaintiff's cervical and lumbar spine was normal, or that any limitations were mild, minor, or slight as to be considered insignificant within the meaning of the no-fault statute (*see McLaughlin v Rizzo*, 38 AD3d 856 [2007]; *Spektor v Dichy*, 34 AD3d 557 [2006]; *Cebularz v Diorio*, 32 AD3d 975 [2006]; *Gentile v Snook*, 20 AD3d 389 [2005]). Therefore, the Richmond defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law with evidence that the injuries at issue were attributable to prior accidents or pre-existing conditions, and were not exacerbated by the Richmond accident (*see Cebularz v Diorio*, 32 AD3d 975, 796 [2006]).

Consequently, summary judgment should have been denied to the defendants regardless of the sufficiency of the plaintiff's opposing papers. Ritter, J.P., Florio, Miller and Dillon, JJ., concur.