■ AYAZUL QURASHI, Respondent, v SAMUEL HITTIN, Appellant. [858 NYS2d 675]—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Ambrosio, J.), dated October 15, 2007, which denied the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]; see also Meyers v Bobower Yeshiva Bnei Zion, 20 AD3d 456 [2005]). In opposition, however, the plaintiff raised triable issues of fact regarding whether his range of motion limitations, as quantified and compared to normal by his chiropractor (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]), his bulging discs at C3-4, C4-5, C6-7, L1-2, L2-3, and L3-4, and his herniated discs at C5-6 and L4-5, were causally related to or exacerbated by the subject accident (cf. McKenzie v Redl, 47 AD3d 775, 776 [2008]).

The defendant's remaining contention is without merit.

Skelos, J.P., Santucci, Covello, McCarthy and Chambers, JJ., concur.