■ Godwin Saetia et al., Appellants, v VIP Renovations Corp. et al., Respondents. [891 NYS2d 471]—

On the evening of September 9, 2006 the plaintiff John Palomaria was a front-seat passenger in a motor vehicle being operated by the plaintiff Godwin Saetia on the Williamsburg Bridge, when it was struck from behind by a motor vehicle operated by the defendant Christos Konstans and owned by the defendant VIP Renovations Corp. The plaintiffs subsequently commenced this action to recover damages for the resulting personal

injuries. After issue was joined, the defendants moved for summary judgment dismissing the complaint on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).

The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiffs' injuries were not serious, through the affirmed medical reports of their orthopedist, radiologist, and neurologist, who examined the plaintiffs and concluded that their orthopedic and neurological examinations were normal (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345, 352 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). At their depositions, the plaintiffs testified that, as a result of the subject motor vehicle accident, they missed little, if any time from their college classes. The plaintiffs' alleged injuries did not prevent them from performing "substantially all" of the material acts constituting their usual and customary daily activities during at least 90 out of the first 180 days following the accident (*see Geliga v Karibian, Inc.,* 56 AD3d 518, 519 [2008]; *Sanchez v Williamsburg Volunteer of Hatzolah, Inc.,* 48 AD3d 664 [2008]; *Kearse v New York City Tr. Auth.,* 16 AD3d 45, 51-52 [2005]).

In opposition, the plaintiffs failed to raise a triable issue of fact (*see* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]; *Lea v Cucuzza,* 43 AD3d 882 [2007]). The range-of-motion findings which were set forth in the "physicians' affirmations" prepared by the plaintiffs' treating physician were not contemporaneous with the subject accident (*see Richards v Tyson,* 64 AD3d 760, 761 [2009]; *Morris v Edmond,* 48 AD3d 432 [2008]). In view of the determinations on the defendant's motion, the plaintiffs' cross motion for summary judgment on the issue of liability was rendered academic.

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint and denied, as academic, the plaintiffs' cross motion for summary judgment on the issue of liability. Mastro, J.P., Florio, Balkin and Leventhal, JJ., concur.