CECILIA SMITH, Respondent, v CELESTE RODRIGUEZ et al., Appellants, et al., Defendants. [893 NYS2d 140]—

Although we affirm the order insofar as appealed from, we do so for reasons different from those relied upon by the Supreme Court. The appellants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In support of their motion, the appellants relied on, inter alia, the affirmed medical report of Dr. Gregory Montalbano. Dr. Montalbano, the appellants' examining orthopedic surgeon, examined the plaintiff for evaluation on October 24, 2008, and found significant limitations in the plaintiff's lumbar spine range of motion (*see Washington v Asdotel Enters., Inc.*, 66 AD3d 880 [2009]; *Buono v Sarnes*, 66 AD3d 809 [2009]; *Landman v Sarcona*, 63 AD3d 690 [2009]; *Bagot v Singh*, 59 AD3d 368 [2009]; *Hurtte v Budget Roadside Care*, 54 AD3d 362 [2008]). While Dr. Montalbano asserted that a report referable to a magnetic resonance imaging scan of the plaintiff's lumbar spine demonstrated that

the range of motion in that portion of the spine was normal, he did not address the limitations he found during his examination of the plaintiff. Thus, Dr. Montalbano's findings and conclusions failed to establish that the limitations he noted with respect to the plaintiff's lumbar spine were not caused by the subject accident (*see McKenzie v Redl*, 47 AD3d 775 [2008]).

Since the appellants failed to meet their prima facie burden, it is unnecessary to consider whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (*see Washington v Asdotel Enters., Inc.*, 66 AD3d 880 [2009]; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Skelos, J.P., Florio, Balkin, Belen and Austin, JJ., concur.