■ LINDA PFEIFFER, Respondent, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant. [900 NYS2d 71]—

In an action to recover damages under the supplementary uninsured/underinsured motorist provision of an insurance policy, the defendant appeals from an order of the Supreme Court, Westchester County (Loehr, J.), entered October 9, 2009, which denied its motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

Although we affirm the order appealed from, we do so on a ground other than that relied upon by the Supreme Court. The defendant's proof in support of its motion failed to establish its prima facie entitlement to judgment as a matter of law on the ground that the plaintiff did not sustain a serious injury as defined by Insurance Law § 5102 (d) (*see Toure v Avis Rent A*

*Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]; *see also McKenzie v Redl*, 47 AD3d 775 [2008]; *Cebularz v Diorio*, 32 AD3d 975 [2006]). In support of its motion, the defendant relied upon, inter alia, the plaintiff's medical records related to a prior accident occurring in 2004 and examinations occurring after the subject accident, which occurred in July 2006. Under the circumstances of this case, those records were insufficient to establish, prima facie, that the plaintiff did not sustain an aggravation and/or exacerbation of her prior cervical spine injuries as a result of the subject accident (*see McKenzie v Redl*, 47 AD3d 775 [2008]; *Cebularz v Diorio*, 32 AD3d 975 [2006]).

Since the defendant failed to establish its prima facie entitlement to judgment as a matter of law in the first instance, it is unnecessary to reach the question of whether the plaintiff's papers were sufficient to raise a triable issue of fact (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Skelos, J.P., Dillon, Angiolillo, Eng and Sgroi, JJ., concur.