IRENE RABINOWITZ, Respondent, v THOMAS KAHL et al., Appellants. [910 NYS2d 166]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Whelan, J.), entered January 5, 2010, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

Contrary to the defendants' contention, they failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). Here, the defendants relied on, inter alia, the affirmed medical report of Dr. William A. Healy, their examining orthopedic surgeon. During his examination of the plaintiff on February 11, 2009, he noted significant limitations in the plaintiff's cervical and lumbar spine ranges of motion. He concluded that the plaintiff may have suffered from an aggravation of preexisting degenerative disc disease in her cervical and lumbar spine. The plaintiff alleged in her bill of particulars that the subject accident aggravated and/or exacerbated preexisting degenerative conditions in her cervical and lumbar regions. Thus, the findings of this expert failed to establish that the limitations noted by him were not caused by the subject accident (*see Washington v Asdotel Enters., Inc.*, 66 AD3d 880 [2009]; *McKenzie v Redl*, 47 AD3d 775 [2008]).

Since the defendants failed to meet their prima facie burden, it is unnecessary to consider whether the plaintiff's opposition

papers were sufficient to raise a triable issue of fact (*see Washington v Asdotel Enters. Inc.*, 66 AD3d at 880; *McKenzie v Redl*, 47 AD3d at 775; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Mastro, J.P., Florio, Dickerson, Belen and Lott, JJ., concur.