■ MICHAEL KEENUM, Appellant, v DARREN ATKINS et al., Respondents. [918 NYS2d 547]—

The plaintiff has been involved in numerous accidents causing injuries to, among other things, his back and neck. He was injured in a work-related accident in May 2007, a motor vehicle accident in October 2007, a motor vehicle accident in April 2008, and the instant motor vehicle accident on September 21, 2008,

in which he was struck by the motor vehicle owned by the defendant Dolores Patterson and operated by the defendant Darren Atkins while he crossed a street as a pedestrian.

The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants relied on, among other things, the affirmed medical report of Dr. Naunihal Sachdev Singh, their examining neurologist. During his examination of the plaintiff on February 16, 2009, Dr. Singh noted significant limitations of ranges of motion in the cervical and lumbar regions of the plaintiff's spine, as well as in both of the plaintiff's shoulders. Dr. Singh concluded that the plaintiff suffered from pre-existing osteoarthritis of the spine. He opined that the plaintiff's limitations of movement of his neck were caused by the plaintiff's surgery prior to the subject accident, in which he had a bilateral cervical laminectomy by anterior approach with fusion and hardware placement. Dr. Singh further opined that "most" of the plaintiff's symptoms could be "explained by osteoarthritis of the spine complicated by the progressive nature of the disease and the [plaintiff's] accidents causing temporary soft tissue sprains and strains with full resolution each time." However, he did not address the plaintiff's allegations in his bill of particulars that the subject accident aggravated, reactivated, and exacerbated pre-existing injuries to, and degenerative conditions in, among other things, the cervical and lumbar regions of his spine. Indeed, Dr. Singh opined that the plaintiff's symptoms had been "complicated," in part, by his accidents. Thus, the findings of Dr. Singh failed to establish that the plaintiff did not sustain an aggravation and/or reactivation and/or exacerbation of his prior injuries as a result of the subject accident (*see Rabinowitz v Kahl*, 78 AD3d 678 [2010]; *Pfeiffer v New York Cent. Mut. Fire Ins. Co.*, 71 AD3d 971 [2010]; *Washington v Asdotel Enters., Inc.*, 66 AD3d 880 [2009]; *McKenzie v Redl*, 47 AD3d 775, 776 [2008]).

Since the defendants failed to meet their prima facie burden, it is unnecessary to consider whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Rabinowitz v Kahl*, 78 AD3d 678 [2010]; *Pfeiffer v New York Cent. Mut. Fire Ins. Co.*, 71 AD3d 971 [2010]; *Washington v Asdotel Enters., Inc.*, 66 AD3d 880 [2009]; *McKenzie v Redl*, 47 AD3d 775, 776 [2008]). Dillon, J.P., Leventhal, Belen, Austin and Cohen, JJ., concur.