■ JAHARI REED, Respondent, v RIGHTON LIMO, INC., et al., Appellants, et al., Defendants. [918 NYS2d 899]—

The appellants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The appellants relied on, inter alia, the affirmed medical report of Dr. Michael J. Carciente, their examining neurologist. As part of his examination of the plaintiff on April 21, 2009, Dr. Carciente failed to perform any range-of-motion testing of the cervical and lumbar regions of the plaintiff's spine, despite the plaintiff's claims of cervical and lumbar injuries, as pleaded in her bill of particulars. Consequently, Dr. Carciente's conclusion that the plaintiff had a "normal neurological exam" that revealed no evidence of any "neurologic disability or permanency" failed to establish the appellants' prima facie entitlement to judgment as a matter of law in this serious injury threshold case (*see Perl v Meher*, 74 AD3d 930, 931 [2010]; *Chiara v Dernago*, 70 AD3d 746 [2010]; *Mannix v Lisi's Towing Serv., Inc.*, 67 AD3d 977, 977 [2009]).

Since the defendants failed to meet their prima facie burden, it is unnecessary to consider whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (*see Rabinowitz v Kahl*, 78 AD3d 678 [2010]; *Pfeiffer v New York Cent. Mut. Fire Ins. Co.*, 71 AD3d 971 [2010]; *Washington v Asdotel Enters., Inc.*, 66 AD3d 880 [2009]; *McKenzie v Redl*, 47 AD3d 775, 776 [2008]). Skelos, J.P., Covello, Eng, Chambers and Sgroi, JJ., concur.