■ CARA PERO, Appellant, v TRANSERVICE LOGISTICS, INC., et al., Respondents. [920 NYS2d 364]—

In an action to recover damages for personal injuries, the

plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Molia, J.), dated April 14, 2010, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) and (2) a judgment of the same court entered May 13, 2010, which, upon the order, is in favor of the defendants and against the plaintiff, dismissing the complaint. The notice of appeal from the order is deemed also to be a notice of appeal from the judgment (see CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the defendants' motion for summary judgment is denied, the complaint is reinstated, and the order dated April 14, 2010, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [c]).

The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The reports of two of the defendants' three medical experts, Dr. Stephen W. Lastig and Dr. Howard B. Reiser, failed to address the plaintiff's allegation, made in the bill of particulars, that the subject accident caused exacerbation and/or aggravation and/or activation of preexisting, asymptomatic degeneration of the cervical and lumbar regions of her spine. The medical report of Dr. Jerrold M. Gorski, the defendants' examining orthopedic surgeon, noted that during his examination of the plaintiff on January 22, 2008, he measured significant limitations of ranges of motion in the cervical region of the plaintiff's spine. Dr. Gorski concluded that the plaintiff suffered from preexisting arthritis of the neck and back. He opined that the subject accident temporarily exacerbated this preexisting arthritis, possibly for a period of anywhere from weeks to a few months. Dr. Gorski further opined that the plaintiff's "residual complaints" were most likely the result of her underlying condition. However, he did not address the plaintiff's allegations in the bill

of particulars that the subject accident aggravated and/or activated preexisting, asymptomatic degenerative conditions in the cervical and lumbar regions of her spine. Indeed, to the contrary, Dr. Gorski opined that the plaintiff's underlying arthritis in fact was exacerbated by the subject accident. Thus, the findings of Dr. Gorski failed to establish that the plaintiff did not sustain an exacerbation and/or aggravation and/or activation of her underlying degenerative condition as a result of the subject accident (*see Rabinowitz v Kahl*, 78 AD3d 678 [2010]; *Pfeiffer v New York Cent. Mut. Fire Ins. Co.*, 71 AD3d 971 [2010]; *Washington v Asdotel Enters., Inc.*, 66 AD3d 880 [2009]; *McKenzie v Redl*, 47 AD3d 775, 776 [2008]).

Since the defendants failed to meet their prima facie burden, it is unnecessary to consider whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (*see Rabinowitz v Kahl*, 78 AD3d 678 [2010]; *Pfeiffer v New York Cent. Mut. Fire Ins. Co.*, 71 AD3d 971 [2010]; *Washington v Asdotel Enters., Inc.*, 66 AD3d 880 [2009]; *McKenzie v Redl*, 47 AD3d at 776). Mastro, J.P., Angiolillo, Balkin, Lott and Miller, JJ., concur. **[Prior Case History: 2010 NY Slip Op 30950(U).]**