FRANCOIS EDOUAZIN, Appellant, v THEODORE CHAMPLAIN et al., Respondents. [933 NYS2d 85]—

The appeal from so much of the order as granted that branch of the cross motion of the defendants Terrence Watts II and Cove Plumbing Supply, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) must be dismissed, as the right of direct appeal from that part of the order terminated with the entry of the judgment entered September 24, 2010 (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that portion of the order have been considered on the appeal from the judgment (*see* CPLR 5501 [a]).

All of the defendants, in support of those branches of their respective cross motions which were for summary judgment on the issue of serious injury, relied upon, inter alia, the affirmed medical report of Dr. Robert Pearl, their expert neurologist. This report failed to eliminate a triable issue of fact, thereby preventing the defendants from meeting their prima facie burdens. Dr. Pearl examined the plaintiff on August 12, 2009, nearly three years post-accident. During his examination of the plaintiff, he noted significant limitations in the ranges of motion of the cervical and lumbar regions of the plaintiff's spine (*see Grisales v City of New York*, 85 AD3d 964 [2011]; *Torres v Torrano*, 79 AD3d 1124 [2010]; *Mondevil v Kumar*, 74 AD3d 1295 [2010]).

While the defendants also relied on the affirmed medical report of Dr. Scott S. Coyne, their radiology expert, his report was also insufficient to enable the defendants to meet their prima facie burdens in this case. The plaintiff, in his bill of particulars, alleged exacerbations of preexisting injuries to the cervical and lumbar regions of his spine. While it is true that

Dr. Coyne opined that the pathology he observed in the plaintiff's December 2006 MRI films was degenerative in nature and unrelated to the subject accident, the defendants failed to show that the limitations noted by Dr. Pearl were the result of a prior accident, rather than from exacerbations caused by the subject one (*see Pero v Transervice Logistics, Inc.*, 83 AD3d 681, 682-683 [2011]; *Rabinowitz v Kahl*, 78 AD3d 678 [2010]; *Washington v Asdotel Enters., Inc.*, 66 AD3d 880 [2009]; *McKenzie v Redl*, 47 AD3d 775, 776 [2008]).

Since the defendants failed to meet their respective prima facie burdens of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), this Court need not determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Grisales v City of New York*, 85 AD3d at 965; *Pero v Transervice Logistics, Inc.*, 83 AD3d at 683; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]).

In light of our determination, the matter must be remitted to the Supreme Court, Suffolk County, to determine the alternative branch of the plaintiff's motion, and those branches of the cross motions of the defendants Theodore Champlain and Ryder Truck Rental, and the defendants Terrence Watts II and Cove Plumbing Supply, Inc., which were for summary judgment on the issue of liability, on the merits (*see Alvarez v Dematas*, 65 AD3d 598, 600 [2009]). Rivera, J.P., Angiolillo, Belen and Roman, JJ., concur.