■ DWAYNE LITTLE, Respondent, et al., Plaintiff, v JOHN AJAH et al., Appellants. [949 NYS2d 109]—

The Supreme Court determined that the defendants failed to meet their prima facie burden of showing that the plaintiff Dwayne Little (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. We agree, albeit on grounds different from those upon which the Supreme Court relied.

In support of their motion for summary judgment dismissing the complaint insofar as asserted by the injured plaintiff, based on the issue of serious injury, the defendants relied upon, inter alia, the affirmed medical report of Dr. Gregory Montalbano, their expert orthopedist. This report failed to eliminate all triable issues of fact, and the defendants, thus, failed to meet their prima facie burden. Dr. Montalbano examined the injured plaintiff almost five years after the accident. During his examination of the injured plaintiff, he noted significant limitations in the ranges of motion of the cervical region of the injured plaintiff's spine, as well as his right hip and right knee (see Scott v Gresio, 90 AD3d 736 [2011]; Desulme v Stanya, 12 AD3d 557, 558 [2004]; Espinoza v Dinicola, 8 AD3d 225 [2004]). The injured plaintiff, in his bill of particulars, alleged exacerbations of preexisting injuries to these areas. While Dr. Montalbano opined that these injuries may be causally related to a prior accident, he failed to demonstrate that the limitations he noted were the result of the prior accident, rather than from exacerbations caused by the subject accident (see Edouazin v Champlain, 89 AD3d 892, 894-895 [2011]).

Since the defendants failed to meet their prima facie burden, it is unnecessary to consider whether the injured plaintiff's opposition papers were sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Cues v Tavarone, 85 AD3d 846, 846-847 [2011]; Grisales v City of New York, 85 AD3d 964, 965 [2011]; Pero v Transervice Logistics, Inc., 83 AD3d 681, 683 [2011]; Coscia v 938 Trading Corp., 283 AD2d 538 [2001]).

The defendants' remaining contention is without merit (see Johnson v Dow, 56 AD3d 1288, 1289 [2008]). Rivera, J.P., Eng, Chambers, Sgroi and Miller, JJ., concur.