*820 In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Rosengarten, J.), dated March 12, 2012, which granted the defendants’ motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.
Ordered that the order is reversed, on the law, with costs, and the defendants’ motion for summary judgment dismissing the complaint is denied.
The plaintiff allegedly sustained injury to, inter alia, the cervical region of his spine as a result of a motor vehicle collision on July 4, 2007, between his vehicle and a vehicle operated by the defendant Suresh Ramcharitar and owned by the defendant DiFeo Tenafly Partnership. In this action, which the plaintiff commenced to recover damages for his alleged injuries, the defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not, as a result of the collision, sustain a serious injury within the meaning of Insurance Law § 5102 (d). The Supreme Court granted the motion, and the plaintiff appeals.
The defendants failed to meet their prima facie burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendants’ examining orthopedic surgeon, Dr. William A. Healy, III, found that the plaintiff had significant limitations in the range of motion of the cervical region of his spine, and Dr. Healy’s affirmed reports failed to establish, prima facie, that those limitations were not caused by the subject accident (see Smith v Rodriguez, 69 AD3d 605, 605-606 [2010]). Accordingly, the defendants’ motion for summary judgment dismissing the complaint should have been denied without regard to the sufficiency of the plaintiffs opposing papers (see Smith v Rodriguez, 69 AD3d at 606). Rivera, J.P, Balkin, Chambers and Sgroi, JJ., concur.