■ Robert J. Werthner, Appellant, v Paul D. Lewis et al., Respondents. [990 NYS2d 267]—

In a consolidated action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (LaSalle, J.), dated March 8, 2013, as granted the motion of the defendants Paul D. Lewis and Michelle L. Lewis and the cross motion of the defendants Christa I. Shiffer and Anthony J. DiMartini for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, and, upon denying, as academic, the motion of the defendant Mieam Cruz and the cross motion of the defendants Christa I. Shiffer and Anthony J. DiMartini for summary judgment on the issue of liability, and the separate motion of the defendant Mieam Cruz to compel certain discovery, and, in effect, upon searching the record, awarded summary judgment to the defendant Mieam Cruz dismissing the complaint insofar as asserted against her on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the defendants appearing separately and filing separate briefs, the motion of the defendants Paul D. Lewis and Michelle L. Lewis and the cross motion of the defendants Christa I. Shiffer and Anthony J. DiMartini for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the

plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) are denied, and the matter is remitted to the Supreme Court, Suffolk County, to determine, on the merits, the motion of the defendant Miream Cruz and the cross motion of the defendants Christa I. Shiffer and Anthony J. DiMartini for summary judgment on the issue of liability, and the separate motion of the defendant Miream Cruz to compel certain discovery.

On November 30, 2009, the plaintiff was a passenger in a vehicle involved in a three-car accident and, thereafter, commenced this action alleging that he suffered an accident-related "serious injury." The defendants Paul D. Lewis and Michelle L. Lewis moved, and the defendants Christa I. Shiffer and Anthony J. DiMartini (hereinafter collectively the moving defendants) cross-moved, for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. The Supreme Court granted the motion and cross motion and, upon denying, as academic, the motion of the defendant Miream Cruz for summary judgment on the issue of liability, in effect, searched the record and awarded summary judgment to Cruz, dismissing the complaint insofar as asserted against her.

The moving defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]; Little v Ajah, 97 AD3d 801 [2012]; Rodgers v Duffy, 95 AD3d 864 [2012]; Edouazin v Champlain, 89 AD3d 892 [2011]; Keenum v Atkins, 82 AD3d 843 [2011]). The report of the moving defendants' expert orthopedic surgeon submitted in support of the motion attributed the plaintiff's surgery to increased postaccident symptomology, which is inconsistent with his other findings that the plaintiff's injuries were attributable to preexisting degenerative changes.

Since the moving defendants failed to meet their prima facie burden, it is unnecessary to consider whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Keenum v Atkins, 82 AD3d 843 [2011]). Furthermore, the Supreme Court erred in awarding summary judgment to Cruz dismissing the complaint insofar as asserted against her on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

In light of our determination, we remit the matter to the Supreme Court, Suffolk County, to determine, on the merits, Cruz's motion and the cross motion of Shiffer and DiMartini for summary judgment on the issue of liability, and that branch of Cruz's motion which was to compel the plaintiff to provide certain documents and information (*see Windisch v Fasano*, 105 AD3d 1039 [2013]; *Edouazin v Champlain*, 89 AD3d 892 [2011]; *Alvarez v Dematas*, 65 AD3d 598 [2009]). Dillon, J.P., Hall, Sgroi and Barros, JJ., concur. **[Prior Case History: 2013 NY Slip Op 30505(U).]**