■ SAMUEL MURPHY, Appellant, v SHAMEKIA J. HURDLE, Respondent. [17 NYS3d 742]—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Diamond, J.), dated September 17, 2014, as, upon reargument,

adhered to its original determination in an order of the same court dated May 16, 2014, granting the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order dated September 17, 2014, is reversed insofar as appealed from, on the law, with costs, upon reargument, the determination in the order dated May 16, 2014, granting the defendant's motion for summary judgment dismissing the complaint is vacated, and thereupon, the defendant's motion for summary judgment dismissing the complaint is denied.

In an order dated May 16, 2014, the Supreme Court granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. The plaintiff moved for leave to reargue his opposition to the defendant's motion. In an order dated September 17, 2014, the court granted the plaintiff's motion for leave to reargue, and, upon reargument, adhered to its original determination. The plaintiff now appeals from the order dated September 17, 2014.

On her motion for summary judgment dismissing the complaint, the defendant sought to establish that the significant limitations in the cervical regions of the plaintiff's spine had not been caused by the subject accident. To support that contention, the defendant submitted an affirmed report of an orthopedist who had examined the plaintiff on her behalf. The orthopedist stated that he saw no proof as to what had caused the significant limitations he found in the cervical region of the plaintiff's spine (*see Varghese v Ramcharitar*, 111 AD3d 819, 820 [2013]). He did not, however, state affirmatively that the subject accident had not caused those limitations. Thus, the orthopedist's report was insufficient to satisfy the defendant's prima facie burden (*see Straussberg v Marghub*, 108 AD3d 694, 695 [2013]; *Kearney v Garrett*, 92 AD3d 725, 726 [2012]) of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]).

Since the defendant did not satisfy her prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]).

Accordingly, upon reargument, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Balkin, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.