Iam v Santaniello (2018 NY Slip Op 04312)





Iam v Santaniello


2018 NY Slip Op 04312


Decided on June 13, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2017-00234
 (Index No. 4093/13)

[*1]Sharon Israel Iam, appellant, 
v
Ralph Santaniello, et al., respondents.


Jonah Grossman, Jamaica, NY (Lawrence B. Lame of counsel), for appellant.
Breen & Clancy, Hauppauge, NY (Anne Marie Caradonna and Michael Clancy of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (William B. Rebolini, J.), dated November 21, 2016. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
This action arises from a motor vehicle accident that occurred on the Long Island Expressway on September 7, 2011. The plaintiff commenced this action to recover damages for personal injuries allegedly sustained by her in the accident. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The Supreme Court granted the defendants' motion, and the plaintiff appeals.
The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). In opposition, however, the plaintiff raised a triable issue of fact as to whether the injuries at issue were attributable to pre-existing conditions or were causally related to or exacerbated by the subject accident (see Qurashi v Hittin, 51 AD3d 652, 652; cf. McKenzie v Redl, 47 AD3d 775).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.
MASTRO, J.P., CHAMBERS, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court