Reddick v Hickey (2021 NY Slip Op 04674)





Reddick v Hickey


2021 NY Slip Op 04674


Decided on August 11, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2020-00114
 (Index No. 701518/17)

[*1]Gregory Reddick, appellant, 
v
Terrence Hickey, et al., respondents.


The Law Offices of Jeffrey B. Melcer, PLLC, New York, NY, for appellant.
Andrea G. Sawyers, Melville, NY (Jennifer M. Belk of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Allan B. Weiss, J.), entered December 23, 2019. The judgment, upon an order of the same court entered August 28, 2019, granting the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the judgment is reversed, on the law, with costs, the defendants' motion for summary judgment dismissing the complaint is denied, the complaint is reinstated, and the order is modified accordingly.
On May 4, 2016, a vehicle operated by the defendant Terrence Hickey and owned by the defendant Hallen Construction, Inc. (hereinafter together the defendants), allegedly came into contact with a wire cable, causing the wire cable to collapse and strike the plaintiff. The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in the accident.
The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order entered August 28, 2019, the Supreme Court granted the defendants' motion. On December 23, 2019, a judgment was entered in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff appeals from the judgment.
The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants failed to submit competent medical evidence establishing, prima facie, that the plaintiff did not sustain a serious injury to the cervical region of his spine under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d), as their expert found significant limitations in the range of motion of this body part (see Singleton v F & R Royal, Inc., 166 AD3d 837, 838; Nunez v Teel, 162 AD3d 1058, 1059; Mercado v Mendoza, 133 AD3d 833, 834; Miller v Bratsilova, 118 AD3d 761). Further, the [*2]defendants failed to establish, prima facie, that the alleged injury to the cervical region of the plaintiff's spine was not caused by the subject accident (see Cortez v Nugent, 175 AD3d 1383, 1384; Straussberg v Marghub, 108 AD3d 694, 695; Kearney v Garrett, 92 AD3d 725, 726).
Since the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Che Hong Kim v Kossoff, 90 AD3d 969).
Accordingly, the Supreme Court improperly granted the defendants' motion for summary judgment dismissing the complaint.
RIVERA, J.P., HINDS-RADIX, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court