Menjivar v Capers (2023 NY Slip Op 01083)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Menjivar v Capers

2023 NY Slip Op 01083

Decided on March 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
LARA J. GENOVESI, JJ.


2020-04774
(Index No. 603720/17)

[*1]Cruz Menjivar, et al., appellants, 
vRodney Capers, et al., respondents.

Nichols & Cane, PLLC, Syosset, NY (Jamie Persky Mitchnick of counsel), for appellants.
Russo & Gould, LLP, New York, NY (Trishé L.A. Hynes of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), dated April 20, 2020. The order, insofar as appealed from, granted the defendants' motion for summary judgment dismissing the complaint on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, and denied that branch of the plaintiffs' cross-motion which was for summary judgment determining that the plaintiff Cruz Menjivar sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the defendants' motion for summary judgment dismissing the complaint on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, and substituting therefor a provision denying the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs.
The plaintiffs commenced this action to recover damages for personal injuries that they allegedly sustained in a motor vehicle accident. The defendants moved for summary judgment dismissing the complaint on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The plaintiffs cross-moved, among other things, for summary judgment determining that the plaintiff Cruz Menjivar sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order dated April 20, 2020, the Supreme Court, inter alia, granted the defendants' motion and denied that branch of the plaintiffs' cross-motion. The plaintiffs appeal.
The defendants failed to meet their prima facie burden of showing that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants failed to submit competent medical evidence establishing, prima facie, that Menjivar did not sustain serious injuries to her right and left shoulders, and the cervical and thoracic regions of her spine under the permanent consequential limitation of use or significant [*2]limitation of use categories of Insurance Law § 5102(d). The defendants likewise failed to submit competent medical evidence establishing, prima facie, that the plaintiff Jorge Castillo did not sustain serious injuries to his right shoulder, and the cervical, thoracic, and lumbar regions of his spine under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Zennia v Ramsey, 208 AD3d 735, 735; Reddick v Hickey, 197 AD3d 581, 581-582; Singleton v F & R Royal, Inc., 166 AD3d 837, 838; Nuñez v Teel, 162 AD3d 1058, 1059).
Furthermore, the defendants failed to establish, prima facie, that the alleged injuries to the plaintiffs were not caused by the subject accident (see Zennia v Ramsey, 208 AD3d at 735; Reddick v Hickey, 197 AD3d at 581-582). Although the defendants' experts opined that both plaintiffs' injuries were degenerative in nature, the defendants failed to address the plaintiffs' claims, set forth in the bill of particulars, that the subject accident exacerbated their preexisting injuries and degenerative conditions (see D'Augustino v Bryan Auto Parts, Inc., 152 AD3d 648, 650; Edouazin v Champlain, 89 AD3d 892, 895; Keenum v Atkins, 82 AD3d 843, 844; Washington v Asdotel Enters., Inc., 66 AD3d 880). Since the defendants failed to establish that the plaintiffs' alleged injuries were not caused by the accident, the burden never shifted to the plaintiffs to explain any gap in their treatment (see Confredo v Moore, 210 AD3d 1050, 1050-1051; Cortez v Nugent, 175 AD3d 1383, 1384; see generally Pommells v Perez, 4 NY3d 566, 572).
As the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiffs in opposition to the motion were sufficient to raise a triable issue of fact (see Che Hong Kim v Kossoff, 90 AD3d 969, 969). Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.
However, the Supreme Court properly denied that branch of the plaintiffs' cross-motion which was for summary judgment determining that Menjivar sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d). The plaintiffs failed to eliminate all triable issues of fact as to whether Menjivar sustained an injury or impairment which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (see Cabey v Leon, 84 AD3d 1295, 1296).
The parties' remaining contentions need not be reached in light of our determination, or are improperly raised for the first time by the plaintiffs in their reply brief.
DUFFY, J.P., MALTESE, CHRISTOPHER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court