Williams v Lettuere (2024 NY Slip Op 05370)

Williams v Lettuere

2024 NY Slip Op 05370

Decided on October 30, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 30, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
LOURDES M. VENTURA, JJ.

2023-03165
 (Index No. 151134/19)

[*1]Doreen Williams, appellant, 
v
Nicholas D. Lettuere, respondent.

Krenstel Guzman Herbert, LLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Ross S. Friscia], of counsel), for appellant.
Votto & Albee, PLLC, Staten Island, NY (Christopher J. Albee of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Catherine M. DiDomenico, J.), dated March 21, 2023. The order, insofar as appealed from, granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident is denied.
The plaintiff, a pedestrian, allegedly was injured when she was struck by a vehicle operated by the defendant. Thereafter, the plaintiff commenced this action to recover damages for personal injuries she sustained in the accident. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order dated March 21, 2023, the Supreme Court, inter alia, granted the motion. The plaintiff appeals.
The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant submitted competent medical evidence establishing, prima facie, that the plaintiff's injuries were degenerative and not caused by the subject accident (see Amirova v JND Trans, Inc., 206 AD3d 601, 602; Gash v Miller, 177 AD3d 950; Gouvea v Lesende, 127 AD3d 811). In opposition, however, the plaintiff raised a triable issue of fact regarding whether the injuries to the lumbar region of her spine were exacerbated by the subject accident (see Iam v Santaniello, 162 AD3d 751, 752; Qurashi v Hittin, 51 AD3d 652, 652).
Accordingly, the Supreme Court should have denied the defendant's motion for [*2]summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
DILLON, J.P., DOWLING, TAYLOR and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court