■ Sherri L. Trunk, Appellant, v Michael D. Spross, Respondent. [761 NYS2d 322] —In an action to recover damages for personal injuries, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated August 19, 2002, as granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and (2) from so much of an order of the same court dated October 24, 2002, as denied that branch of her motion which was for leave to renew the motion for summary judgment.

Ordered that order dated August 19, 2002, is reversed insofar as appealed from, on the law, the motion for summary judgment is denied, and the complaint is reinstated; and it is further,

Ordered that the appeal from the order dated October 24, 2002, is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order dated August 19, 2002; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The defendant's medical evidence failed to establish a prima facie case for judgment as a matter of law (*see Chaplin v Taylor,* 273 AD2d 188 [2000]; *Flanagan v Hoeg,* 212 AD2d 756, 757 [1995]). The defendant's own medical expert acknowledged that the discectomy and fusion surgery which the plaintiff underwent several months after the subject motor vehicle accident was necessitated by the exacerbation of prior pathology in the cervical spine, and that the exacerbation may have been caused by the accident. Moreover, neither of the defendant's medical experts, both of whom examined the plaintiff, indicated that she exhibited full range of motion in her cervical spine (*cf. Duldulao v City of New York,* 284 AD2d 296, 297 [2001]). Indeed, one of the defendant's doctors recorded limitations in the plaintiff's range of motion in her cervical spine.

Under these circumstances, we need not consider whether the plaintiff's papers were sufficient to raise a triable issue of fact (*see Chaplin v Taylor, supra; Mariaca-Olmos v Mizrhy* 226 AD2d 437 [1996]). Altman, J.P., Krausman, Goldstein, H. Miller and Crane, JJ., concur.