■ ALEKSANDR NAYDIS, Respondent, v LA TRANSPORTATION CORP. et al., Appellants. [789 NYS2d 259]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Jacobson, J.), dated February 9, 2004, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants failed to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The affirmation of the defendants' examining physician failed to "set forth the objective test or tests performed supporting [his] claim that there was no limitation of range of motion," thus warranting denial of summary judgment on the ground that the defendants failed to establish their entitlement to judgment as a matter of law (*see Black v Robinson*, 305 AD2d 438 [2003]; *see also Zavala v DeSantis*, 1 AD3d 354 [2003]; *Gamberg v Romeo*, 289 AD2d 525 [2001]; *Junco v Ranzi*, 288 AD2d 440 [2001]).

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Florio, J.P., Adams, Goldstein, Rivera and Spolzino, JJ., concur.