■ EDWARD CORREA, Respondent, v CITY OF NEW YORK et al., Respondents, SARKIS SARKISOV, Appellant, et al., Defendant. (Action No. 1.) MELISSA CONKLIN et al., Respondents, v SARKIS SARKISOV, Appellant, et al., Defendant. (Action No. 2.) STATE-WIDE INSURANCE COMPANY, Plaintiff, v IGOR SARKISOV et al., Defendants. (Action No. 3.) [794 NYS2d 408]—

In three related actions, inter alia, to recover damages for personal injuries, the defendant Sarkis Sarkisov in action Nos. 1 and 2, appeals from an order of the Supreme Court, Richmond County (Mega, J.), dated February 2, 2004, which denied his motion for summary judgment dismissing those actions insofar as asserted against him on the ground of nonpermissive use and denied his separate motion for summary judgment dismissing the complaint in action No. 2 insofar as asserted against him on the ground that neither of the plaintiffs in that action sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is modified, on the law, by deleting the provision thereof denying the separate motion for summary judgment dismissing the complaint in action No. 2 insofar as asserted against the appellant and substituting therefor a provision granting that motion; as so modified, the order is affirmed, without costs or disbursements, the complaint in action No. 2 is dismissed insofar as asserted against the appellant, and the action against the remaining defendant in action No. 2 is severed.

Vehicle and Traffic Law § 388 (1) imputes to the owner of a vehicle the negligence of any person who uses or operates it with the owner's permission. This section gives rise to a presumption that the vehicle is being operated with the owner's consent (see Sargeant v Village Bindery, 296 AD2d 395 [2002]). Upon this record, we conclude that the presumption was not rebutted as a matter of law (see Stewart v Town of Hempstead, 204 AD2d 431 [1994]). In opposition to the appellant's motion to dismiss the actions on the ground of nonpermissive use, the plaintiffs in action No. 2 submitted uncontroverted proof in the form of summonses the police issued to the defendant Igor Sarkisov in the four months before the subject accidents, establishing that he operated the appellant's vehicle on at least three occasions during the foregoing time frame. In an attempt to establish in reply that they were unaware of Igor Sarkisov's prior use of the motor vehicle, the appellant and his wife submitted affidavits containing statements contradicting the assertions in their prior affidavits submitted in support of the motion.

With regard to the separate motion for summary judgment dismissing the complaint in action No. 2, we conclude that the affirmed report of the appellant's medical expert, Dr. S. Murthy Vishnubhakat, established a prima facie case that the plaintiff

Melissa Conklin did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The affirmed report of a dentist submitted in opposition to the motion failed to conclusively establish a causal relationship between the subject motor vehicle accident and the alleged injury to Melissa Conklin (*see Verrelli v Tronolone*, 230 AD2d 789 [1996]).

The affirmed report of the appellant's expert likewise established a prima facie case that the plaintiff Justin Cox in action No. 2 did not sustain a serious injury within the statutory definition (*see Gaddy v Eyler, supra*). Under the circumstances, where Cox was involved in another accident approximately five months after the subject accident, requiring surgery on his left knee, it is sheer speculation to conclude that the accident, which occurred on March 13, 2001, was the cause of the limitation of motion in straight leg raising found by Justin Cox's medical expert in 2003 (*see Waaland v Weiss*, 228 AD2d 435, 436 [1996]). Therefore, the appellant's separate motion for summary judgment dismissing the complaint in action No. 2 on the ground that neither of the plaintiffs in that action sustained a serious injury within the meaning of Insurance Law § 5102 (d) should have been granted. Schmidt, J.P., Santucci, Rivera and Spolzino, JJ., concur.