■ ANTHONY M. GENTILE, Appellant, v ROBERT B. SNOOK II, Respondent. [799 NYS2d 230]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), dated July 23, 2004, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) and denied, as untimely, his cross motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for determination of the cross motion on the merits.

The defendant's expert Dr. Michael Brooks acknowledged that the subject accident might have caused an exacerbation of the plaintiff's preexisting degenerative pathology. Moreover, Dr. Brooks indicated that more than two years after the accident the plaintiff had only 75% of the normal range of motion of the lumbosacral spine. Under the circumstances, the defendant failed to make a prima facie showing that the plaintiff did not sustain a serious injury from the subject accident (*see Kearse v New York City Tr. Auth.*, 16 AD3d 45 [2005]; *Meely v 4 G's Truck Renting Co., Inc.*, 16 AD3d 26 [2005]; *Trunk v Spross*, 306 AD2d 463 [2003]; *Mangum v Trabulsi*, 294 AD2d 472 [2002]). Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.

The Supreme Court denied, as untimely, the plaintiff's cross motion for summary judgment on the issue of liability based on an assumption that the note of issue had been filed. However, the record indicates that this assumption was incorrect. Therefore, we remit the matter to the Supreme Court for determination of the cross motion on the merits. Adams, J.P., Cozier, Ritter and Skelos, JJ., concur.