■ CHARLES O'NEIL et al., Plaintiffs, and BRYNN FLEMING et al., Appellants, v GEICO et al., Respondents. [816 NYS2d 185]—

In an action to recover damages for personal injuries, the plaintiffs Brynn Fleming and Taji Fleming appeal from an order of the Supreme Court, Queens County (Kitzes, J.), dated May 31, 2005, which granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted by them on the ground that neither of them sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the appeal by the plaintiff Brynn Fleming is dismissed as abandoned (*see* 22 NYCRR 670.8 [e] [1]); and it is further,

Ordered that the order is affirmed insofar as appealed from by the plaintiff Taji Fleming; and it is further,

Ordered that one bill of costs is awarded to the defendants, payable by the plaintiff Taji Fleming.

On appeal, the plaintiff Taji Fleming does not dispute the Supreme Court's determination that the defendants made a prima facie showing of entitlement to judgment as a matter of law on the ground that she did not sustain a serious injury as a result of an automobile accident that occurred on January 18, 2001. Rather, she argues only that the Supreme Court abused its discretion in refusing to accept her late submission of an affirmation of an orthopedic surgeon who performed surgery on her left ankle on June 9, 2003, and erred in finding that she failed to raise a triable issue of fact in response to the motion. We reject both contentions.

The Supreme Court providently exercised its discretion in refusing to consider the late submission of the affirmation of the orthopedic surgeon, submitted after the motion had been adjourned four times at the plaintiffs' request, and marked final (*see Patrick v De Dominicis,* 26 AD3d 871 [2006]). Moreover, the evidence submitted by Taji Fleming in opposition to the motion, which was accepted by the Supreme Court, including a conclusory affidavit of a chiropractor, failed to raise a triable issue of fact as to whether she sustained a serious injury as a result of the accident (*see Psomas v Kehoe,* 253 AD2d 456 [1998]).

Finally, even considering the affirmation of the orthopedic surgeon, the defendants were entitled to summary judgment. Since the orthopedic surgeon did not treat Taji Fleming until more than $2^{1/2}$ years after the subject automobile accident, after she had reinjured her left ankle in a trip and fall, it is sheer speculation to conclude that the accident caused her to require surgery on the ankle (*see Correa v City of New York,* 18 AD3d 418 [2005]; *Barnes v Cisneros,* 15 AD3d 514 [2005]). Florio, J.P., Adams, Luciano and Fisher, JJ., concur.