■ HENRY CEBULARZ, Appellant, et al., Plaintiffs, v ANNETTE M. DIORIO, Respondent. [822 NYS2d 118]—

In an action to recover damages for personal injuries, the plaintiff Henry Cebularz appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated January 24, 2005, as granted that branch of the defendant's motion which was to dismiss the complaint insofar

as asserted by him on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, and the complaint is reinstated insofar as asserted by the plaintiff Henry Cebularz.

The defendant's proof in support of that branch of her motion which was for summary judgment dismissing the claim of the plaintiff Henry Cebularz (hereinafter the plaintiff) failed to establish the defendant's entitlement to judgment as a matter of law on the theory that the plaintiff did not sustain a serious injury as defined by Insurance Law § 5102 (d) (see Miller v Afshin, 28 AD3d 437 [2006]; Ribaudo v Amir, 27 AD3d 544 [2006]; Dockery v Budget Rent-A-Car, 27 AD3d 413 [2006]; Rich-Wing v Baboolal, 18 AD3d 726 [2005]; Tchjevskaia v Chase, 15 AD3d 389 [2005]; Naydis v LA Transp. Corp., 14 AD3d 673 [2005]). The defendant's examining orthopedist's affirmation was inconclusive. The defendant's examining neurologist identified, inter alia, evidence of cervical radiculopathy (see Smith v Delcore, 29 AD3d 890 [2006]), but his report was otherwise inconclusive. The defendant's examining radiologist noted that the April 14, 2003 magnetic resonance imaging (hereinafter MRI) report of the plaintiff's cervical spine showed herniations at C4-5, C5-6, and C6-7. Although those herniations were also reflected on a cervical spine MRI taken on June 9, 2000, prior to the subject accident, the defendant's radiologist noted that the herniations appeared "slightly more prominent in size" in the April 2003 MRI. The defendant's proof collectively tended to support rather than to negate the existence of a triable issue of fact as to whether the plaintiff's injuries from prior accidents or conditions predating the subject automobile accident were exacerbated by the subject accident, necessitating the spinal fusion and discectomy surgery the plaintiff underwent in April 2004.

Under the circumstances, the defendant failed to make a prima facie showing that the plaintiff did not sustain a serious injury as a result of the subject accident (see Gentile v Snook, 20 AD3d 389 [2005]). Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff (see Trunk v Spross, 306 AD2d 463 [2003]; Phillips v Tissotvanpatot, 280 AD2d 735 [2001], citing Walsh v Kings Plaza Replacement Serv., 239 AD2d 408 [1997]; cf. Correa v City of New York, 18 AD3d 418 [2005]). Luciano, J.P., Rivera, Lifson and Covello, JJ., concur.