■ SHIELA SCARANO et al., Appellants, v SUZANNE WEHRENS et al., Respondents. [847 NYS2d 644]—

In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated August 23, 2006, as granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

On March 5, 2004 the plaintiff Shiela Scarano was riding as a front seat passenger, in a vehicle operated by her husband, the plaintiff Eugene Scarano. While stopped at a traffic light, the plaintiffs' car was rear-ended by a motor vehicle owned by the defendant Gary Wehrens, and being operated by the defendant Suzanne Wehrens. The impact propelled the plaintiffs' car into a vehicle which was directly in front of it. Both of the plaintiffs had been involved in a number of motor vehicle accidents prior to the subject one, both had previously sustained spinal injuries, and both were currently receiving Social Security disability benefits, based on disabling back injuries. Several weeks after the subject accident, Eugene Scarano underwent knee surgery, and, in May 2004, Shiela Scarano underwent spinal fusion and discectomy surgery in her cervical spine.

In April 2004 the plaintiffs commenced the present action, alleging that they both sustained serious injuries as a result of the accident on March 5, 2004. The defendants then moved for summary judgment dismissing the complaint on the ground that any serious injuries exhibited by the plaintiffs were pre-existing in nature. The Supreme Court granted the defendants' motion. We reverse.

The defendants' proof did not establish their entitlement to judgment as a matter of law on the theory that neither of the plaintiffs sustained a serious injury as defined by Insurance Law § 5102 (d) (*see Miller v Afshin,* 28 AD3d 437 [2006]; *Ribaudo v Amir,* 27 AD3d 544 [2006]). Specifically, the defendants failed to negate the existence of a triable issue of fact as to whether the plaintiffs' injuries from prior accidents or conditions predating the subject automobile accident were exacerbated by the subject accident, necessitating the surgeries which they respectively underwent within a relatively short time after the accident (*see Cebularz v Diorio,* 32 AD3d 975, 976 [2006]). Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). Schmidt, J.P., Rivera, Santucci and Balkin, JJ., concur.