■ GLADYS MARTINEZ et al., Appellants, et al., Plaintiff, v PIONEER TRANSPORTATION CORP. et al., Respondents. [851 NYS2d 194]—

Order, Supreme Court, Bronx County (Sallie Manzanet, J.), entered July 11, 2006, which granted defendants' motion for summary judgment against the Martinez plaintiffs on the issue of serious injury, unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated on behalf of those plaintiffs.

The Martinez plaintiffs were allegedly injured in an automobile accident in May 2004, when their car was hit by defendants' school bus. Both were taken by ambulance to the hospital and released the same day, after X rays were taken. The driver was treated by a chiropractor over the course of four months, and remained out of work for three months. The passenger, a student, missed two months of school. Neither of these plaintiffs has received any medical treatment since the summer of 2004. The insurance company stopped paying for treatment, which appellants claim they terminated because they could not afford it, and it no longer seemed to have any beneficial effect.

Defendants moved for summary judgment on the basis that the Martinez plaintiffs could not demonstrate they sustained serious injury as defined in Insurance Law § 5102 (d). However, defendants' submissions were contradictory. Some of their submitted medical reports and opinions indicate that objective tests were negative, and others reflect limitations in the range of motion of the spine, legs and back of each of these plaintiffs, and herniated and bulging discs for both of them. The contradictory findings raise a triable issue of fact.

Where conflicting medical evidence is offered on the issue of whether a plaintiff's injuries are permanent or significant, and varying inferences may be drawn, the question is one for the jury (*see Noble v Ackerman*, 252 AD2d 392, 395 [1998]). Since defendants never sustained their initial burden of establishing that each of the Martinez plaintiffs had not suffered a serious injury causally related to the accident, the burden of proof never shifted to them (*see Whittaker v Webster Trucking Corp.*, 33 AD3d 613 [2006]). Concur—Mazzarelli, J.P., Williams, Sweeny, Catterson and Moskowitz, JJ.