■ SUSAN CARR, Appellant, v GIUSEPPE MACALUSO et al., Respondents. [882 NYS2d 654]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Schack, J.), dated April 28, 2008, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see *Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). The accident occurred on December 27, 2003, and the plaintiff was not examined by the defendants' expert, Dr. Steven Zaretsky, until

July 24, 2007, approximately three years and seven months later. Nevertheless, Dr. Zaretsky stated in his affirmed report that his testing revealed limitations in cervical range of motion "in all planes." Dr. Zaretsky concluded that the subject accident exacerbated a significant preexisting condition, which was made worse due to the plaintiff's obesity. Thus, the defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident and, accordingly, the Supreme Court should have denied their motion for summary judgment dismissing the complaint (*see Scarano v Wehrens*, 46 AD3d 797, 798 [2007]; *Cebularz v Diorio*, 32 AD3d 975, 976 [2006]; *Gentile v Snook*, 20 AD3d 389 [2005]; *Derby v Menchenfriend*, 18 AD3d 694, 694-695 [2005]; *Trunk v Spross*, 306 AD2d 463 [2003]), regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Mastro, J.P., Fisher, Miller, Dickerson and Chambers, JJ., concur.