■ HEYDDI SUAZO, Respondent, v EDWIN F. BROWN, Defendant, and MITZY TRANSPORTATION, INC., et al., Appellants. [931 NYS2d 67]—

Defendants failed to establish their entitlement to judgment as a matter of law on plaintiff's claim to recover for serious injuries under the 90/180-day category of Insurance Law § 5102 (d). In support of their motion, defendants submitted, among other things, the reports of plaintiff's radiologist indicating disc herniations in the cervical and lumbar spines, and meniscal and ligament tears and joint effusion in the right knee. Furthermore, the postoperative report of plaintiff's surgeon diagnosed plaintiff with meniscal and anterior cruciate ligament tears. Such medical evidence, which contradicts defendants' medical evidence, raises issues of fact as to the existence and causation of plaintiff's injuries (*see Martinez v Pioneer Transp. Corp.*, 48 AD3d 306 [2008]; *Zeigler v Ramadhan*, 5 AD3d 1080, 1081 [2004]). Although defendant's orthopedist concluded that plaintiff's injuries had resolved based on his examination, there was no opinion offered as to the 90/180-day claim (*see Quinones v Ksieniewicz*, 80 AD3d 506 [2011]; *Bejaran v Perez*, 78 AD3d 571 [2010]).

Accordingly, since defendants did not meet their prima facie burden, the burden of proof never shifted to plaintiff (*see Martinez*, 48 AD3d at 307). Concur—Mazzarelli, J.P., Friedman, Catterson, Renwick and Richter, JJ.