■ NOLDALIA ESCOTTO, Appellant, v ROQUE VALLEJO et al., Respondents. [944 NYS2d 550]—

Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered October 6, 2011, which, to the extent appealed from as limited by the briefs, granted defendants Roque Vallejo and NYLL Management Ltd's (defendants) motion for summary judgment dismissing the complaint insofar as it alleged serious injuries of plaintiff's left knee under the permanent consequential limitation of use and/or significant limitation of use categories of Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, and the motion denied as to said claim. Appeal from order, same court, Justice, and date of entry, which dismissed the complaint as against the City, unanimously dismissed, without costs, as abandoned.

On April 2, 2007, plaintiff sustained injuries when a vehicle operated and owned, respectively, by defendants Roque Vallejo and NYLL Management Ltd. struck her as she was crossing the street.

Defendants failed to meet their initial burden of establishing that plaintiff did not sustain a serious injury to her knee as a result of the accident. In support of their summary judgment motion, defendants submitted the report of their orthopedist, Dr. Gregory Montalbano, who examined plaintiff in November 2008 and found full range of motion, absence of valgus and varus instability, and negative McMurray, Lachman, and anterior and posterior drawer tests. He also noted in his report pain to patella compression, and ambulation with an unsteady gait. Based on his examination and review of plaintiff's medical records, he concluded that plaintiff had sustained left knee contusion/strain, and that such condition has resolved. He also opined that any persisting symptoms were caused by advanced degenerative conditions, which included osteoarthritis and medial and lateral meniscal tears.

However, the MRI reports of defendants' radiologist, one of which was relied upon by Dr. Montalbano, concluded that a finding of traumatic injury could not be ruled out given the evidence of an ACL and a meniscal tear. Such contradictory evidence as to whether the tears were chronic or acute in nature creates issues of fact as to whether the persisting knee symptoms were causally related to the accident (see Suazo v Brown, 88 AD3d 602 [2011]). Further, defendants have not established that the persisting limitations are not "consequential" or "significant" (see Licari v Elliott, 57 NY2d 230, 236

[1982]). Dr. Montalbano did not indicate the extent of plaintiff's pain on patella compression, and noted that plaintiff was ambulating with an unsteady gait. Because defendants failed to meet their prima facie burden, their motion must be denied, regardless of the claimed insufficiency of the opposing papers (*see Feaster v Boulabat*, 77 AD3d 440 [2010]). Concur—Mazzarelli, J.P., Friedman, Catterson, Richter and Manzanet-Daniels, JJ.