Easy Care Acupuncture, PC, a/a/o Jonathan Nuamah, Plaintiff-Appellant, 
against
The Hartford Ins. Co., Defendant-Respondent.



Plaintiff, as limited by its briefs, appeals from so much of an order of the Civil Court of the City of New York, New York County (Gerald Lebovits, J.), dated July 9, 2014, as granted defendant's motion for summary judgment dismissing the complaint, and denied plaintiff's cross-motion for summary judgment.




Per Curiam.
Order (Gerald Lebovits, J.), dated July 9, 2014, modified to the extent of denying defendant's motion for summary judgment and reinstating the complaint; as modified, order affirmed, with $10 costs.
This first party, no-fault action is not susceptible to summary disposition. The evidentiary proof submitted by defendant-insurer in support of its motion for summary judgment, while sufficient to demonstrate that defendant had a "founded belief" that the assignor's injuries were sustained, if at all, in a staged accident (see Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195, 199 [1997]), was insufficient to demonstrate as a matter of law that the injuries did not arise out of an insured incident so as to warrant summary judgment dismissing the complaint (see A.B. Med. Servs., PLLC v Clarendon Natl. Ins. Co., 25 Misc 3d 139[A], 2009 NY Slip Op 52383[U] [App Term, 9th and 10th Jud Dists 2009]; Capri Med., P.C. v Progressive Cas. Ins. Co., 15 Misc 3d 143[A], 2007 NY Slip Op 51158[U] [App Term, 2nd and 11th Jud Dists 2007]). In particular, the affidavit of defendant's investigator, who relied upon certain inconsistencies among the statements of the vehicle's three occupants regarding events of the day of the collision, rather than the events of the collision itself, and other "red flags" common in staged accident cases, raises issues of fact that should be explored at trial (see Martinez v Pioneer Transp. Corp., 48 AD3d 306 [2008]; Oliverio v Lawrence Pub. Schools, 23 AD3d 633 [2005]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 01, 2017