Santos v Fiktus (2024 NY Slip Op 05573)

Santos v Fiktus

2024 NY Slip Op 05573

Decided on November 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOSEPH J. MALTESE, J.P.
LARA J. GENOVESI
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-09368
 (Index No. 709859/20)

[*1]Jose Santos, appellant, 
v
Richard Fiktus, et al., respondents.

The Sullivan Law Firm, New York, NY (James A. Domini of counsel), for appellant.
Scahill Law Group P.C., Bethpage, NY (Keri A. Wehrheim of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Phillip Hom, J.), entered August 8, 2023. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing so much of the complaint as alleged that the plaintiff sustained serious injuries under the 90/180-day category of Insurance Law § 5102(d) and to his left knee and left shoulder within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendants' motion which were for summary judgment dismissing so much of the complaint as alleged that the plaintiff sustained serious injuries under the 90/180-day category of Insurance Law § 5102(d) and to his left knee and left shoulder within the meaning of Insurance Law § 5102(d) as a result of the subject accident are denied.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order entered August 8, 2023, the Supreme Court granted those branches of the defendants' motion which were for summary judgment dismissing so much of the complaint as alleged that the plaintiff sustained serious injuries under the 90/180-day category of Insurance Law § 5102(d) and to his left knee and left shoulder within the meaning of Insurance Law § 5102(d) as a result of the accident and denied those branches of the defendants' motion which were for summary judgment dismissing so much of the complaint as alleged that the plaintiff sustained serious injuries to the cervical and lumbar regions of his spine within the meaning of Insurance Law § 5102(d) as a result of the accident. The plaintiff appeals.
The Supreme Court should not have granted those branches of the defendants' motion which were for summary judgment dismissing so much of the complaint as alleged that the plaintiff sustained serious injuries under the 90/180-day category and to his left knee and left shoulder under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d). Since the court properly determined that the plaintiff raised triable issues of fact as to whether he sustained serious injuries to the cervical and lumbar regions of his spine [*2]under the permanent consequential limitation of use and significant limitation of use categories, it was unnecessary to determine whether the plaintiff's other alleged injuries met the "no fault" threshold (see Linton v Nawaz, 14 NY3d 821, 822; Detoma v Dobson, 214 AD3d 949, 952; Pollet v Charyn, 200 AD3d 728, 730).
The defendants contend, as an alternative ground for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546), that they were entitled to summary judgment because the plaintiff's injuries were not caused by the accident. Contrary to the defendants' contention, they failed to establish, prima facie, that the plaintiff's injuries were not caused by the accident (see Navarro v Afifi, 138 AD3d 803, 804). Since the defendants failed to meet their prima facie burden with respect to causation, it is not necessary to determine whether the submissions by the plaintiff in opposition were sufficient to raise a triable issue of fact as to whether his injuries were caused by the accident (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Che Hong Kim v Kossoff, 90 AD3d 969, 969).
Accordingly, the Supreme Court should have denied those branches of the defendants' motion which were for summary judgment dismissing so much of the complaint as alleged that the plaintiff sustained serious injuries under the 90/180-day category of Insurance Law § 5102(d) and to his left knee and left shoulder within the meaning of Insurance Law § 5102(d) as a result of the accident.
MALTESE, J.P., GENOVESI, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court