Anderson v Iltcheva (2024 NY Slip Op 51645(U))

[*1]

Anderson v Iltcheva

2024 NY Slip Op 51645(U)

Decided on December 6, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 6, 2024
Supreme Court, Kings County

Ayana Anderson, Plaintiff,

against
Elena K. Iltcheva, Defendant.

Index No. 505301/2019

The Law Offices of Eric H. Green & Associates, New York City, for plaintiff.
Hannum Feretic Prendergast & Merlino, LLC, New York City, for defendant.

Aaron D. Maslow, J.

The following numbered papers were read on these motions:
Submitted by Defendant in Support of Motion
NYSCEF Doc Nos. 115-131
Submitted by Plaintiff in Opposition
NYSCEF Doc Nos. 132-139
Submitted by Defendant in Reply
NYSCEF Doc No. 140
Upon the foregoing papers, the Court having elected to determine the within motions on submission pursuant to 22 NYCRR 202.8-f and IAS Part 2 Rules, Part II (Motions & Special Proceedings), Subpart C (Appearances & Post-Order Matters), Section 6 (Personal Appearances) ("All motions presumptively are to be argued in person unless the Court informs the parties at least two days in advance that it has made a sua sponte determination that a motion will be determined on submission."), and due deliberation having been had thereon, the within motion is determined as follows.
Plaintiff Ayanna Anderson commenced this action seeking to recover for personal injuries she allegedly sustained in a motor vehicle accident on May 28, 2018, when the vehicle she operated was contacted by the one operated by defendant Elena Iltcheva (see NYSCEF Doc NO. 118, complaint). Defendant now moves for summary judgment dismissing the complaint on the asserted ground that plaintiff did not sustain a serious injury as defined in Insurance Law § [*2]5102 (d), as required by Insurance Law § 5104 (a) (see NYSCEF Doc. No. 115, notice of motion). The latter provides in pertinent part: "Notwithstanding any other law, in any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right of recovery for non-economic loss, except in the case of a serious injury, or for basic economic loss (Insurance Law § 5104 [a]). "Serious injury" means a personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment (id. § 5102 [d]).
Summary judgment is a drastic remedy that should be granted only if no triable issues of fact exist and the movant is entitled to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Andre v Pomeroy, 35 NY2d 361, 364 [1974]).
The issue of whether a claimed injury falls within the statutory definition of "serious injury" is a question of law for the Court, which may be decided on a motion for summary judgment (see Licari v Elliott, 57 NY2d 230 [1982]). Moving defendant bears the initial burden of establishing, by the submission of evidentiary proof in admissible form, a prima facie case that Plaintiff has not sustained a serious injury from the subject motor vehicle accident as a matter of law, i.e., that there are no material issues of fact (see Toure v Avis Rent A Car Sys., Inc., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]). A failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
If moving defendant has made such a showing that plaintiff has not suffered a serious injury from the subject motor vehicle accident as a matter of law, the burden shifts to plaintiff to submit evidence in admissible form sufficient to create a material issue of fact necessitating a trial (see Franchini v Palmieri, 1 NY3d 536 [2003]; Grasso v Angerami, 79 NY2d 813 [1991]).
In her bill of particulars, plaintiff alleged injuries to the cervical and lumbar areas of her spine, right knee, and right quadriceps (see NYSCEF Doc No. 120, bill of particulars § 5). "As a result of this occurrence, plaintiff sustained serious injuries as same are defined in the Insurance Law of the State of New York in that plaintiff sustained permanent injuries, a significant disfigurement, disabling injuries for a period in excess of 90 out of the first 180 days following this occurrence; significant limitations of use of bodily functions or systems, permanent loss of a body organ, member, functions or systems; plaintiff sustained permanent consequential limitations of use of a bodily organ and/or member. . ." (id. § 15).
In moving for summary judgment, defendant relies on several affirmed medical reports and a biomechanical expert report. Based on these reports, the Court finds that defendant failed to establish a prima facie case to the effect that plaintiff did not sustain a serious injury.
In terms of the issue of proximate causation of the injuries complained of by plaintiff, defendant argues that any injuries to the cervical and lumbar spine areas and the right knee were not caused by the subject, May 28, 2018 motor vehicle accident. In making that argument, it relies on a biomechanical expert report of Dr. Calum McRae, who holds a Master of Engineering [*3]degree in Mechanical Engineering and a Ph.D. in Biomechanical Engineering. (See NYSCEF Doc No. 117, Overbeck aff ¶¶ 55-61.)
However, Dr. Raghava R. Polavarapu, board certified in orthopedic surgery, opined in his affirmed report of an August 22, 2018 examination of plaintiff (thoracic spine, lumbar spine, and right knee), submitted by defendant, that "Based on the information available, the history as related by the claimant and my physical examination, there is a causal relationship between the injuries sustained and the accident reported" (NYSCEF Doc No. 125, Polavarapu rpt at 3). On October 17, 2018, after examining plaintiff's thoracic spine, lumbar spine, and right knee, Dr. Richard A. Weiss, also a board certified orthopedic surgeon, found proximate causation: "Based on the history provided, findings on examination and submitted records, there is a causal relationship between the accident of record and the claimant's reported symptomatology" (NYSCEF Doc No. 126, Weiss Oct. 17, 2018 rpt at 4). After examining plaintiff's cervical, thoracic, and lumbar spine areas and the right knee on May 28, 2018, Dr. Weiss repeated his causality opinion (see NYSCEF Doc No. 127, Weiss Jan. 16, 2019 rpt at 5). Dr. Weiss's reports too were submitted by defendant.
"[I]nconsistencies which appear on the face of plaintiff's own papers prohibit the granting of summary judgment, despite the inadequacy of the opposing papers" (Bank of NY v McLean, 116 AD2d 546, 547 [2d Dept 1986], citing Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853). In numerous additional instances involving different causes of action, it has been held that where a party's papers submitted in support of a motion for summary judgment conflict, there is a failure to meet the prima facie burden (e.g. Black v County of Dutchess, 87 AD3d 1097 [2d Dept 2011]; Cracciolo v Omerza, 87 AD3d 674 [2d Dept 2011]; Martinez v Pioneer Transp. Co., 48 AD3d 306[(1st Dept. 2008]; Dettori v Molzon, 306 AD2d 308 [2d Dept 2003]; Saaverda v East Fordham Rd. Real Estate Corp., 233 AD2d 125 [1st Dept 1996]; Neuman v Otto, 114 AD2d 791 [1st Dept 1985]; Shur v Unitrin Advantage Ins. Co., 56 Misc 3d 136[A], 2017 NY Slip Op 51011[U] [App Term, 9th & 10th Dists 2017]; Hillcrest Radiology Assoc. v State Farm Mut. Auto Ins. Co., 28 Misc 3d 138[A], 2010 NY Slip Op 51467[U] [App Term, 2d, 11th & 13th Dists 2010]).
Since Dr. McRae's conclusion of a lack of causality of plaintiff's claimed injuries from the subject accident is contradicted by Drs. Polavarapu and Weiss (the latter on two occasions), it cannot be said as a matter of law that plaintiff's claimed injuries were not proximately caused by the accident.
Further, since defendant's examining doctors opined that injuries to the body parts they examined were causally related to the accident, then the burden does not shift to plaintiff to rebut defendant's evidence on causation (see Novembre v Punnoose, 211 AD3d 961 [2d Dept. 2022].
Additionally, if a defendant's reviewing radiologist does not address all body parts claimed in the plaintiff's bill of particulars to have been injured, then the defendant has failed to make out a prima facie case on that component of its serious injury threshold motion which claims a lack of proximate causation from the subject accident (see Bright v. Moussa, 72 AD3d 859 [2d Dept 2010]; Menezes v Khan, 67 AD3d 654 [2d Dept. 2009]; Takaroff v A.M. USA, Inc., 63 AD3d 1142 [2d Dept. 2009]; Jensen v Nicmanda Trucking, Inc., 47 AD3d 769 [2d Dept. 2008]). Although Dr. David A. Fischer, defendant's expert radiologist, reviewed MRI films of plaintiff's cervical and lumbar spine areas and right knee, he did not review anything related the right quadriceps, a body part claimed by plaintiff in her bill of particulars to have been injured in the accident.
In terms of limitations in body parts, both Drs. Polavarapu and Weiss found reduced ranges of motion. In his report describing his August 22, 2018 examination of plaintiff, Dr. Polavarapu recorded lumbar flexion as 40 out of 60 degrees and lumbar extension as 15 out of 25 degrees (see NYSCEF Doc No. 125, Polavarapu rpt at 2). These constitute 33% and 40% reductions respectively. A 20% reduction in a movement raises a triable fact of serious injury (see Dufel v Green, 84 NY2d 795 [1995] [jury can find significant limitation or permanent consequential limitation with 20% loss of use]; Kholdarov v Hyman, 165 AD3d 1087 [2d Dept 2018] [cervical flexion]). The 33% and 40% reductions also exceed the 25% reduction in lumbar range of motion found by defendant's expert in Gentile v Snook (20 AD3d 389 [2d Dept. 2005]), where the court held that "the defendant failed to make a prima facie showing that the plaintiff did not sustain a serious injury from the subject accident" (id. at 389; see Tchevskaia v Chase, 15 AD3d 389 [2d Dept. 2005] ["affirmation of the defendants' examining orthopedist discloses that the orthopedist actually recorded limitations in the plaintiff's ranges of motion"]).
Further, Dr. Richard A. Weiss, on October 17, 2018, also found that plaintiff's lumbar extension was at 20 out of 25 degrees (see NYSCEF Doc No. 126, Weiss Oct. 17, 2018 rpt at at 3). This constitutes a significant limitation of 20%. It is noted that he also found right and left lateral lumbar bending at 20 out of 25 degrees (see id.), another significant 20% limitation of motion.[FN1]

Both Drs. Polavarapu and Weiss, on the aforementioned dates, described conditions complained of by plaintiff as "resolving" (NYSCEF Doc Nos. 125, Polavarapu rpt at 3; NYSCEF Doc No. 126, Weiss Oct. 17, 2018 rpt at 3). Hence, at least, up until October 17, 2018, plaintiff had a continuing significant limitation in lumbar extension which was attributed to the May 28, 2018 motor vehicle accident. While the serious injury category of permanent consequential limitation requires a current medical examination, the category of significant limitation does not; significant limitation requires a duration which need not be continuing up to the present time (see Strong v Sigman, 224 AD3d 932 [2d Dept 2024]; Estrella v GEICO Ins. Co., 102 AD3d 730 [2d Dept. 2013]).
Drs. Polavarapu and Weiss, like Dr. Fischer, did not examine the right quadriceps, which was listed in the bill of particulars as having been injured as a result of the accident. That alone would lead this Court to conclude that defendant failed to make out a prima facie case of lack of serious injury (see Encarnacion v Smith, 70 AD3d 628 [2d Dept. 2010]).
Defendant, having failed to make out a prima facie case that plaintiff did not sustain a significant limitation of a body function or system proximately caused by the motor vehicle accident at issue, it cannot be said that plaintiff failed to establish a serious injury as a matter of law. Consequently, the Court need not determine whether defendant rules out any other categories of serious injury claimed by plaintiff (such as permanent consequential imitation and [*4]90/180), and defendant's motion must be denied (see Santos v Fiktus, AD3d , 2024 NY Slip Op 05573 [2d Dept 2024]; Detoma v Dobson, 214 AD3d 949 [2d Dept. 2023]; Curiale v Delfavero, 211 AD3d 905 [2d Dept. 2022]; O'Neill v O'Neill, 261 AD2d 459 [2d Dept. 1999]).
IT IS HEREBY ORDERED that Defendant's motion for summary judgment dismissing Plaintiff's complaint on the asserted ground that Plaintiff failed to sustain a serious injury in the subject motor vehicle accident is DENIED.
E N T E R
HON. AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1: Defendant refers to limitations of 15%, 13%, and 10% being insignificant (see NYSCEF Doc No. 140, Overbeck reply aff ¶¶ 13-14), but her medical experts recorded higher reductions in range of motion. To the extent that defendant cites case law for the proposition that reduced range of motion quantified at 25% and 35% is insignificant (see id. ¶ 15), the Court notes that Colon v Kempner (20 AD3d 372) [2005]) is a First Department opinion, and the Court must follow Second department case law to the contrary (see Mountain View Coach Lines, Inc. v Storms, 102 AD2d 663 [2d Dept 1984]).