Wilmington Trust v American Equities, LLC (2024 NY Slip Op 06682)

Wilmington Trust v American Equities, LLC

2024 NY Slip Op 06682

Decided on December 31, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 31, 2024

Before: Renwick, P.J., González, Rodriguez, Higgitt, Rosado, JJ. 

Index No. 850026/22 Appeal No. 3357 Case No. 2023-04622 

[*1]Wilmington Trust, etc., Respondent,
v
American Equities, LLC, et al., Appellants, Colgate Rentals Corp., et al., Defendants. Steven J. Smith, etc., Nonparty-Respondent.

Jaspan Schlesinger Narendran LLP, Garden City (Steven R. Schlesinger of counsel), for appellants.
Sills Cummis & Gross, P.C., New York (Jaimee Katz Sussner of counsel), for Steven J. Smith, respondent.

Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered August 31, 2023, which, to the extent appealed from as limited by the briefs, held defendants American Equities, LLC, United Group LLC, Shapour (Paul) Sohayegh, and Roni Movahedian in civil contempt and ordered that they pay $184,746.34 to the receiver appointed in this action, unanimously affirmed, with costs.
In the December 9, 2022 order appointing a receiver for defendants' building, the court authorized the receiver "to take charge and enter into possession of the property," to collect rents, and to pay building expenses. The order also "enjoined and restrained" defendants "from collecting the rents, license fees and other charges of said premises [and] from interfering in any manner with the property or its possession," and ordered defendants to "turn over to the Temporary Receiver all rents collected from and after the date of" the order. Following this order, defendants received payments from tenants of at least $296,245.84 that defendants did not remit to the receiver. The court credited defendants for having used much of this money to pay for various building-related expenses. However, among the amounts that the court did not credit were $160,427.77 in expenses for which defendants did not furnish proof of payment.
Supreme Court did not improvidently exercise its discretion in declining to credit defendants for these expenses. During the June 20, 2023 oral argument on the receiver's contempt motion, the court directed defendants to give the receiver "as much information as [defendants] have" concerning their expenses. Although the court did not specify exactly the evidence it sought, the court's instruction would have included evidence concerning proof of payment, and during an August 2, 2023 hearing, defendants offered to submit this evidence within the week, thus demonstrating that they had the evidence or could easily obtain it. Without proof that defendants paid $160,427.77 in expenses, the court was entitled to find that the receiver was prejudiced, and thus entitled to indemnification, in this amount (see Matter of McCormick v Axelrod, 59 NY2d 574, 583 [1983]; see also People ex rel. Golden v Golden, 57 AD2d 807, 807 [1st Dept 1977]).
Nor did the court abuse its discretion in declining to entertain evidence submitted after August 2, 2023 (see e.g. O'Neil v GEICO, 30 AD3d 390, 391 [2d Dept 2006]). Although the court did not specify a date by which defendants needed to furnish their evidence, the court set a follow-up conference date of July 6, 2023, after its directive to produce all the information defendants had (see Plachte v Bancroft Inc., 3 AD2d 437, 438 [1st Dept 1957]). The court made clear the weight of its instruction to furnish this information and the consequences of disobeying a contempt order. Defendants failed to timely comply with the order, resulting in their contempt.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE [*2]DIVISION, FIRST DEPARTMENT.
ENTERED: December 31, 2024